NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE GILKES, | Civil Action No.: 14-3209 (JLL) |
| Petitioner, | |
| v. | OPINION |
| ROY L. HENDRICKS, et al., | |
| Respondents. | |

**LINARES**, Chief District Judge

Currently before this Court is the *pro se* petition by Jermaine Gilkes ("Petitioner") for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, challenging Petitioner's state court conviction (ECF No. 1). Petitioner's original Petition was dated April 30, 2014 (ECF No. 1 at 24). Petitioner thereafter filed an Amended Petition dated July 23, 2014 (ECF No. 6 at 15). The Respondents filed a response on May 19, 2015 (ECF No. 15). On or about February 3, 2015, Petitioner was removed from New Orleans, Louisiana to Guyana (ECF No. 16). For the following reasons, this Court will deny the Amended Petition as time barred and will deny Petitioner a certificate of appealability.

## I. BACKGROUND

On April 28, 2006, Petitioner pled guilty to involvement in the planning and commission of a December 27, 2003 robbery occurring at a store (ECF No. 15-4 at 4 - 5 (Tr. 5:17 - 6:19)). Petitioner was the getaway driver as two other perpetrators went into the store, threatened the employee, and took money as a result of those threats (ECF No. 15-4 at 5 (Tr. 6:3 - 6:19)). Petitioner also admitted to knowingly possessing an operational and illegal M-1 type machine gun (ECF No. 15-4 at 5 - 6 (Tr. 6:20 - 8:16)). As part of the plea agreement, Petitioner

agreed to testify against the other two perpetrators (ECF No. 15-4 at 7 (Tr. 10:15 - 10:23)).

In an opinion dated July 12, 2013 that affirmed the denial of all of Petitioner's post-conviction relief claims, the Appellate Division of the Superior Court of New Jersey provided the following summary of the facts underlying this case:

> On April 28, 2006, defendant pled guilty to second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-1 and 15-1; first-degree robbery, N.J.S.A. 2C:15-1; third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5b; second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4a; and third-degree possession of an unlawful weapon, an assault firearm, N.J.S.A. 2C:39-5f. Pursuant to the plea bargain, the State agreed to dismiss the remaining counts of the indictment and recommend an aggregate sentence of ten years imprisonment with an eighty-five percent parole disqualifier pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant also agreed to provide "truthful testimony" against his co-defendants and to re-affirm statements he previously provided to law enforcement.
>
> Prior to sentencing, defendant filed a pro se motion to withdraw his guilty pleas. The judge conducted a hearing at which, now represented by successor trial counsel, defendant testified; original trial counsel also testified. The judge denied the motion, finding there was "no basis in fact" to vacate the guilty pleas, and that defendant, who was an "articulate and educated individual," entered his plea "freely and voluntarily" with the full advice of counsel.
>
> On February 1, 2007, defendant was sentenced in accordance with the plea bargain. Defendant's appeal was limited to the excessiveness of his sentence. We affirmed. *State v. Gilkes*, A-4228-06 (App. Div. Apr. 29, 2008) [ECF No. 15-10]. Defendant's petition for certification was denied. *State v. Gilkes*, 196 N.J. 598 (2008) [ECF No. 15-11 (Supreme Court of New Jersey denied certification on October 22, 2008)]. On August 27, 2009, defendant filed a pro se petition for PCR [ECF No. 15-12]. Defendant asserted that police conducted an illegal search of his apartment after coercing the consent of his "girlfriend, Renarta Shreeves," and he was interrogated in violation of his *Miranda* rights. Defendant also claimed trial counsel provided ineffective assistance, specifically that he: failed to provide defendant with pre-trial discovery, in particular, grand jury minutes and the photo array used by law enforcement for identification purposes; failed to properly investigate the State's case; and failed to file a motion to

2

> suppress evidence seized during the warrantless search. Defendant also asserted that police "videotaped" the search and, despite repeated requests, the State never produced the videotape. Lastly, defendant asserted that his sentence was illegal because it imposed "parole supervision provisions" in violation of the Federal and State constitutional guarantees against "double jeopardy."
>
> PCR counsel was appointed and, at oral argument on February 18, 2011, he essentially reaffirmed the arguments made in his and defendant's pro se brief. After considering argument, the PCR judge, who was also the trial judge, denied the petition [ECF No. 15-14 (Superior Court of New Jersey, Ch. Div., Essex County, February 22, 2011)]. He concluded that defendant failed to "establish[] any type of a prima facie showing that there [was] merit to his claim." The judge entered a conforming order on February 22, and this appeal ensued [ECF No. 15-15 (September 16, 2011 Notice of Appeal)].

(ECF No. 15-18 at 2 - 5).

The New Jersey Supreme Court denied certification on Petitioner's PCR petition on February 4, 2014. (ECF No. 15-19).

On April 30, 2014, Petitioner filed a Petition for habeas relief pursuant to 28 U.S.C. § 2254 (ECF No. 1 at 24). *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (under the prison mailbox rule, pleadings are deemed filed with a court when a prisoner provides them to prison officials to mail). Petitioner subsequently filed an Amended Petition on or about July 23, 2014 "request[ing] that the order denying PCR in this conviction on the pertinent indictment be reversed and the plea and sentence be vacated and remanded for new trial" (ECF No. 6 at 15). The State filed its Answer on May 19, 2015 (ECF No. 15). On June 1, 2015, the Essex County Prosecutor submitted to this Court the Certification of Sevan Biramian that stated: "Joseph C. Guardino of the U.S. Immigration and Customs Enforcement . . . informed me that Petitioner, Jermaine Gilkes, was removed from the United States on February 3, 2015, from New Orleans, LA to Guyana" (ECF

3

No. 16 at 1).[1]

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Harrington v. Richter*, 562 U.S. 86, 100 (2011). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is

---

[1] Although Petitioner has been deported and is no longer imprisoned, he was in custody at the time he filed his Petition and continues to suffer collateral consequences, including his inability to return to the United States following his removal by immigration officials. As such, his habeas petition has not been rendered moot by his deportation. *See, e.g., Vasquez v. Aviles*, 639 F. App'x 898, 902 (3d Cir. 2016); *Chong v. Dist. Dir., I.N.S.*, 264 F.3d 378, 383 (3d Cir. 2001).

4

clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods*, 135 S. Ct. at 1376. Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Analysis**

The Respondents argue that the habeas petition should be dismissed because Petitioner filed it after the expiration of AEDPA's one year statute of limitations (ECF No. 15 at 48). Petitions for a writ of habeas corpus brought pursuant to § 2254 are subject to a one year statute of limitations. *See Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). In most cases, including this one, the statute of limitations for a § 2254 petition runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," including the ninety day period for the filing of a petition for certiorari before the Supreme Court. *Id.* This statute of limitations, however, is statutorily tolled while a petitioner has a properly filed petition for post-conviction relief pending before the state courts. *See, e.g., Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *2 (D.N.J. Mar. 25, 2015) (citing *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) and *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). Unlike direct appeals, statutory tolling does not apply during the ninety-day period a petitioner could have sought certiorari to the United States Supreme Court on his PCR appeal.

*See Lawrence v. Florida*, 549 U.S. 327, 332-37 (2007).

In this case, Petitioner was sentenced on February 1, 2007 (ECF No. 15-6). The Appellate Division affirmed Petitioner's conviction on April 29, 2008 (ECF No. 15-10). The New Jersey Supreme Court denied certification on October 22, 2008 (ECF No. 15-11). Petitioner did not file a petition for certiorari to the United States Supreme Court. Petitioner's conviction therefore became final when the time for seeking a petition for certiorari expired 90 days later on January 20, 2009. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Swartz*, 204 F.3d at 421 (holding that if a state prisoner seeks discretionary review with the state's highest court, but does not file a petition for writ of certiorari, the state court judgment becomes final 90 days after the state's highest court denies review or relief); *Sutton v. Blackwell*, 327 F. Supp.2d 477, 482 (D.N.J. 2004).

Although Petitioner's one year limitations period began to run on January 20, 2009, the one year period was statutorily tolled as of August 27, 2009 because Petitioner filed his first petition for post-conviction relief ("PCR") on that date (ECF No. 15-12).[2] *See Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (habeas limitations period is statutorily tolled while a properly filed state collateral relief petition is pending). The New Jersey Superior Court, Essex County Chancery Division, denied Petitioner's PCR petition on February 22, 2011 (ECF No. 15-

---

[2] Although Petitioner claims in his original habeas Petition (ECF No. 1 at 4) that he filed his PCR petition in August 2007, the record does not support that contention. Rather, as the New Jersey Appellate Division observed, Petitioner's PCR petition was filed on August 27, 2009. *See* ECF No. 15-12 at 9 (Amended Petition), at 11 (Petitioner's *in forma pauperis* application), and at 69 (Petitioner's brief in support of PCR) (each item was signed and dated by Petitioner on "08/27/09," with a signature and date by notary Jose Pimental "this 27 day of Aug 2009"); ECF No. 15-18 at 4 (July 12, 2013 Appellate Division opinion affirming denial of PCR relief and noting: "On August 27, 2009, defendant filed a pro se petition for PCR"); ECF No. 15-16 at 14 (Petitioner's PCR appeal brief) ("On or about August 27, 2009, the defendant filed an application for post-conviction relief. (Da 27 to 95)"); ECF No. 15-17 at 11 (State's PCR appeal brief) ("The defendant filed a petition for Post-Conviction Relief on August 27, 2009. (Da27 to 95)"); and ECF No. 15 at 13 (State's Answer to Amended Petition) ("On August 27, 2009, Petitioner filed a petition for post-conviction relief").

14). Petitioner thereafter had forty-five days to file an appeal to the New Jersey Appellate Division. N.J. Ct. R. 2:4-1(a). However, Petitioner did not file an appeal until well after this forty-five day period expired, on September 16, 2011 (ECF Nos. 15-15 and 15-16). Despite this untimeliness of the appeal, the Appellate Division affirmed the denial of his PCR petition on July 12, 2013 (ECF No. 15-18). Petitioner thereafter filed a petition for certification with the New Jersey Supreme Court, which was denied on February 4, 2014 (ECF No. 15-19).

As previously stated, Petitioner's one year limitations period began to run on January 20, 2009. Two hundred and twenty days of AEDPA's one year period ran before Petitioner filed a PCR petition on August 27, 2009. Petitioner's PCR petition ceased to be "pending" and his limitations period began to run once again on April 8, 2011 when Petitioner failed to timely file an appeal from the February 22, 2011 denial of his PCR petition within forty-five days. *See* N.J. Ct. R. 2:4-1(a) (petitioner has 45 days to file an appeal from a final trial court ruling); *Thompson v. Adm'r New Jersey State Prison*, No. 14-3460, 2017 WL 2712966, at *3 (3d Cir. June 23, 2017) (a PCR "application is 'pending' during the period 'between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law'") (quoting *Evans v. Chavis*, 546 U.S. 189, 191 (2006)) (emphasis in original); *Bilal v. Att'y Gen. of N.J.*, No. 15-1765, 2017 WL 1243143, at *2 (D.N.J. Feb. 10, 2017) (statutory tolling does not apply for the period between the conclusion of the time for the filing of a timely appeal from denial of PCR application and the filing of an untimely notice of appeal, even where that appeal is accepted *nunc pro tunc*); *see also Swartz*, 204 F.3d at 423 n.6 (same). Petitioner's remaining one hundred and forty-five days of the AEDPA limitations period therefore expired on August 31, 2011, several days before he filed a late notice of appeal on September 16, 2011. Because Petitioner's PCR appeal did not become "pending" again until he

filed his late notice of appeal in September 2011, any further statutory tolling to which Petitioner would have been entitled was of no benefit to him as his habeas limitations period had already expired. 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . ."); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending* shall not be counted toward any period of limitation under this subsection) (emphasis added).

Furthermore, it is worth noting that the New Jersey Supreme Court denied certification on Petitioner's PCR petition on February 4, 2014 (ECF No. 15-19). Petitioner did not file his federal habeas petition until April 30, 2014 (ECF No. 1 at 24). Petitioner's tardy September 16, 2011 notice of appeal of the denial of his PCR petition (ECF No. 15-15) caused his AEDPA one-year statute of limitations to expire several days before it was filed. However, his federal habeas petition was actually untimely by more than three months when this period is added to the additional gap in time between when the New Jersey Supreme Court denied certification on his PCR petition on February 4, 2014 and when Petitioner filed his federal Petition on April 30, 2014. Accordingly, Petitioner's habeas petition is not saved by statutory tolling and is untimely, absent some basis for equitable tolling.

The question then is whether Petitioner is entitled to equitable tolling. Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). To be entitled to equitable tolling, a habeas petitioner must show: "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence" in pursuing his rights throughout the period to be tolled. *United States v. Johnson*, 590

F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon*, 654 F.3d at 399. The courts should only permit tolling, however, "in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

To establish extraordinary circumstances sufficient to warrant equitable tolling, a petitioner must show that he has been actively misled, that he was prevented from asserting his rights in some extraordinary way, that he timely asserted his rights in the wrong forum, or that the court misled him regarding the steps he needed to take to preserve his claim. *See Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *see also Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir.), *cert. denied*, 546 U.S. 957 (2005).

Petitioner contends that his Amended Petition is timely because he "has exhausted all of his state remedies in a timely fashion and also filed this Petition within one year of the order of the New Jersey Supreme Court" (ECF No. 6 at 14). That Petitioner or his attorney miscalculated the time remaining on his limitations period, whether from ignorance of the law or excusable neglect, does not constitute an extraordinary circumstance. *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (noting that "courts of appeals . . . have consistently rejected the argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling"); *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013) (mere excusable neglect is insufficient to warrant tolling); *United States v. Johnson*, 544 U.S. 295, 311 (2005) ("we have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even

for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"), *cert. denied*, 531 U.S. 1164 (2001). As such, Petitioner has presented no basis for the equitable tolling of the statute of limitations.

Petitioner's habeas claims with respect to actual innocence do not alter this conclusion. ECF No. 6 (Amended Petition, Ground Three) at 8; and ECF No. 6-1 (Mem.) at 11 - 12 ("Whether The Trial Court Address[ed] That The Petitioner Had Made A Colorable Claim Of Innocence"). Although a habeas petitioner's claim of actual innocence may, in certain circumstances, serve as a gateway to permit a time-barred habeas matter to be asserted, *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), establishing a gateway actual innocence claim requires that a petitioner show his innocence through "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Petitioner here has presented no such new evidence. His habeas claims with respect to actual innocence are based not upon "new reliable evidence [that was] not presented at trial," *Hubbard*, 378 F.3d at 339-40, but rather upon challenges to the assistance of Petitioner's trial counsel: "[P]rior to pleading guilty, Petitioner told his attorney that he was innocent of the charges and that he was nevertheless coerced into pleading guilty by his attorney who told him that his case was unwinnable . . . [Petitioner] pled guilty based on the erroneous advice of this attorney, who was unwilling to provide him with a meaningful defense and failed to prepare for trial, which led him to believe he had no choice" (ECF No. 6, Mem. at 12); *see also* ECF No. 15-16 at 32 - 33 and at 53 - 54 (Petitioner's Pro Se Brief On Appeal From Order Denying PCR) ("The Trial Court Did Not Address Whether The Defendant Had Made A Colorable Claim Of Innocence . . . [C]ounsel failed to conduct an investigation of the facts and potential witnesses and failed to

move to suppress his statements, out of court identification, and physical evidence . . . [Petitioner] . . . was coerced into pleading guilty by his attorney"). These contentions do not demonstrate a gateway actual innocence claim for time bar purposes. Petitioner has failed to provide any "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial," as is required for assertion of time barred claims. *McQuiggin*, 133 S. Ct. at 1936. Thus, Petitioner has failed to make out actual innocence to the extent he wished to raise such a claim, and his Amended Petition remains time barred.

For all of these reasons, the Amended Petition here is time barred because statutory tolling does not save it, and Petitioner has failed to establish that he is entitled to equitable tolling. Therefore, the Amended Petition will be denied.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that

Petitioner's Amended Petition is time barred, nor with this Court's conclusion that Petitioner is not entitled to equitable tolling, Petitioner's Amended Petition should not proceed further. As such, this Court will deny Petitioner a certificate of appealability.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's Amended Petition for a writ of habeas corpus is DENIED as time barred and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

JOSE L. LINARES,
Chief Judge, United States District Court

Dated: September 20, 2017